UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* TIMOTHY SKRYNNIKOV,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, *et al.*,<br><br>Defendants. | Civil Action No. 11-0609 (GK)<br><br><u>UNDER SEAL</u> |

## UNITED STATES' REQUEST FOR PARTIAL DISMISSAL PURSUANT TO 31 U.S.C. § 3730(c)(2)(A)

The United States of America, by and through its undersigned counsel, respectfully submits this request for partial dismissal, seeking the partial dismissal of Relator's complaint, specifically his False Claims Act ("FCA") claims pursuant to 31 U.S.C. § 3730(c)(2)(A) of the False Claims Act ("FCA"), 31 U.S.C § 3729, *et seq.*, in the exercise of prosecutorial discretion. The United States does not seek to dismiss Relator's employment claims against the Federal National Mortgage Association ("Fannie Mae").

## BACKGROUND

On March 23, 2011, Timothy Skrynnikov ("Relator") filed an action under the *qui tam* provisions of the FCA against (i) Fannie Mae, a Government Sponsored Enterprise; (ii) James B. Lockhart, the former Director of the Federal Housing Finance Agency ("FHFA") and, in that role, former Conservator of Fannie Mae; and (iii) the FHFA. *See* Compl. at 2. Relator also asserted certain employment based claims in his individual capacity in his Complaint. *See id.*

Relator is a former employee of Fannie Mae whose responsibilities allegedly included monitoring and administering Fannie Mae's executive compensation program. *See* Compl. at ¶¶

9-11.  Since September 2008, Fannie Mae has been under Government conservatorship through FHFA.  *See, e.g.,* News Release, Fannie Mae Reports Third-Quarter 2011 Results, http://www.fanniemae.com/resources/file/aboutus/media/q32011_release.pdf (Last checked Nov. 9, 2011).  Pursuant to its Senior Preferred Stock Purchase Agreement, as amended, the U.S. Government is committed to provide up to $200 billion in immediate available funds to Fannie Mae pursuant to a secured lending facility to cover its losses and ensure that Fannie Mae continues to maintain a positive net worth.  *See* U.S. Treasury Dep't, Fact Sheet: Treasury Senior Preferred Stock Purchase Agreement, http://www.treasury.gov/press-center/press-releases/Documents/pspa_factsheet_090708%20.pdf (Last Checked Nov. 9, 2011).  Under that agreement, the Government continues to provide funds to cover Fannie Mae's quarterly losses and has paid it approximately $111.6 billion to date under the terms of the parties Stock Purchase Agreement.  *See, e.g.,* News Release, Fannie Mae Reports Third-Quarter 2011 Results, http://www.fanniemae.com/resources/file/aboutus/media/q32011_release.pdf (Last checked Nov. 9, 2011).

In this action, Relator contends that Fannie Mae misrepresented the nature and scope of its bonus compensation programs to Lockhart and FHFA, who in turn conveyed those misrepresentations to Congress through a letter in March 2009 in connection with hearings regarding the same.  *See* Compl. at ¶¶ 42-50 (Count One).  Specifically, Relator contends that although Fannie Mae and Lockhart accurately described Fannie Mae's retention bonus plan, they omitted details concerning Fannie Mae's other bonus plans, rendering their statements materially inaccurate and misleading.  *See* Compl. at ¶¶ 43-46.  Relator appears to contend that these false statements induced Congress to continue its support and funding of Fannie Mae.  *See* Compl. at ¶ 45.

## ARGUMENT

As this Court is aware, the FCA is the government's primary tool for recovering money lost from the United States Treasury due to fraud. *See generally* 31 U.S.C § 3729. Its *qui tam* provisions permit a private person, "a relator," to file an action on behalf of the United States to recover the United States' damages in exchange for a payment of up to 30% of any eventual recovery. *See* 31 U.S.C. § 3730(b)-(d). The United States may elect to intervene in the action and assume primary responsibility for the litigation, or it may decline to intervene, which allows the relator to pursue the action on the United States' behalf. *See* 31 U.S.C. §§ 3730(b)(2), (c). The United States also retains the authority to dismiss an action when dismissal is in the interests of the United States. *See* 31 U.S.C. § 3730(c)(2)(A) ("The Government may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion.").

The D.C. Circuit has recognized that 31 U.S.C. § 3730(c)(2)(A) gives the United States "virtually 'unfettered' discretion" to dismiss a *qui tam* suit, including, as here, before the United States has made its election whether to intervene. *See United States ex rel. Hoyte v. Am. Nat'l Red Cross*, 518 F.3d 61, 65 (D.C. Cir. 2008) (declining to review Government's decision to dismiss FCA *qui tam* action, noting "[the Government's] decision to dismiss the case, based on its own assessment, is not reviewable in the district court or this court"); *Swift v. United States*, 318 F.3d 250, 251-54 (D.C. Cir. 2003) (affirming dismissal of FCA *qui tam* action based on Government's "unreviewable" decision not to prosecute).

Moreover, although *qui tam* relators are afforded an opportunity for a hearing upon request under Section 3730(c)(2)(A), the purpose of this hearing is merely to provide relators a

formal opportunity to convince the United States to change its mind. *See Hoyte*, 518 F.3d at 65; *Swift*, 318 F.3d at 253.  Neither the hearing nor a request for a hearing gives the Court any role in second-guessing the United States' exercise of its prosecutorial discretion.  *Swift*, 318 F.3d at 253.  Indeed, the D.C. Circuit has unambiguously explained: "Nothing in § 3730(c)(2)(A) purports to deprive the Executive Branch of its historical prerogative to decide which cases should go forward in the name of the United States."  *Swift*, 318 F. 3d at 253.

In the exercise of its discretion, the United States has determined that Relator's FCA claims should not proceed.  The reasons guiding the sound exercise of the Government's unreviewable discretion include its belief (i) that Relator's claims are factually incorrect -- including because Lockhart's statements to Congress noted the existence and details of Fannie Mae's other employee and executive bonus plans; (ii) Relator's claims against the FHFA and Director Lockhart are barred by the doctrine of sovereign immunity, and do not present a justiciable case or controversy because, if asserted, would involve claims by the United States against the United States; and (iii) that any recovery the Government may obtain from Fannie Mae in this action would essentially result in the United States paying itself less a realtor's share, as the Government continues to fund and cover Fannie Mae's deficits through FHFA's conservatorship.  Accordingly, dismissal is in the best interests of the Government and protects against the depletion of the Government's investment in Fannie Mae, which is designed to provide liquidity and stability in the secondary mortgage market, not to fund litigation.

The Government does not seek to dismiss Relator's employment claims against Fannie Mae.

\* \* \*

- 4 -

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that Relator be afforded

an opportunity for a hearing if he so requests and that his FCA claims then be dismissed.

Dated: February 15, 2012
       Washington, DC

                                    Respectfully submitted,

                                    TONY WEST
                                    Assistant Attorney General

                                    RONALD C. MACHEN JR., D.C. Bar #447889
                                    United States Attorney

                                    RUDOLPH CONTRERAS, D.C. Bar #434122
                                    Chief, Civil Division

                                    By:  /s/
                                         BRIAN P. HUDAK
                                         Assistant United States Attorney
                                         555 4th Street, NW
                                         Washington, DC 20530
                                         (202) 514-7143

                                    JOYCE R. BRANDA, D.C. Bar #246363
                                    MICHAEL D. GRANSTON
                                    WILLIAM C. EDGAR, D.C. Bar # 421179
                                    Attorneys, Commercial Litigation Branch
                                    P.O. Box 261, Ben Franklin Station
                                    Washington, DC  20044
                                    (202) 307-6696

                                    *Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of February, 2012, I caused a true and correct copy of the foregoing Request or Partial Dismissal Pursuant to 31 U.S.C. § 3730(c)(2)(A) and Notice of Election to Decline Intervention to be served on Relator by first-class mail to:

Mary E. Kuntz
Lippman, Semsker & Salb LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, Maryland 20814

Pursuant to 31 U.S.C. § 3729, *et seq.*, defendants have not been served with copies of the foregoing papers.

BRIAN P. HUDAK
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
(202) 514-7143
brian.hudak@usdoj.gov