UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY SKRYNNIKOV          )<br>)<br>*Plaintiff,*       )<br>)<br>v.                                )<br>)<br>)<br>FEDERAL NATIONAL MORTGAGE   )<br>ASSOCIATION (FANNIE MAE),   )<br>)<br>*Defendant.*      )<br>_____) | Case No. 1:11-CV-00609-PLF<br>Hon. Judge Paul L. Friedman |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS [DKT. 116]**

Plaintiff's 42 page response to Defendant's statement of material facts is more aptly titled a "sur-reply." It consists almost entirely of misplaced argument about materiality, but it effectively concedes the accuracy of Fannie Mae's fact contentions. Pursuant to the Court's June 22 Minute Order, Fannie Mae replies.

*First*, Plaintiff's Response to fact paragraphs 2-13, 15-16, 19-22, 25-34, and 36-70 should be stuck because Plaintiff violates Local Civil Rule 7(h) by inserting extensive legal argument in place of denying these fact contentions supported by record evidence or admitting them. Only seven of Plaintiff's 70 responses comply with the Local Rules, and of these only three are supported with record citations. The other 63 responses consist entirely of arguments insisting "that the assertions … are independently material" or disputing "the relevance of this assertion."

Plaintiff's serial breach of the Local Rule undermines its purpose to assist the Court in quickly determining which facts are actually in dispute. *See Jackson v. Finnegan, Henderson,*

*Farabow, Garrett & Dunner*, 101 F.3d 145, 153 (D.C. Cir. 1996) ("[R]epeatedly blending factual assertions with legal argument, the 'relevant facts' section does not satisfy the purposes of a [Rule 56.1][1] statement."); *Robertson v. American Airlines*, 239 F.Supp.2d 5 (D.D.C.2002) (striking defendant's motion for summary judgment for noncompliance with Local Rule 7 and 56.1 facts for "liberally mix[ing] facts with argument" which "does nothing to assist the court in isolating the material facts, distinguishing disputed from undisputed facts, and identifying the pertinent parts of the record"); *Gibson v. Office of the Architect of the Capitol*, Civ. No. 00–2424 (CKK), 2002 WL 32713321, at *1 n. 1 (D.D.C. Nov. 19, 2002) ("Plaintiff's Statement is almost completely unhelpful to the Court as its provisions rarely address the facts outlined in Defendant's Statement, instead describing in lengthy detail the 'contextual and structural background' surrounding Defendant's stated facts. Such excess, unresponsive verbiage is a clear violation of both the letter and the spirit of Local Rule 56.1."); *Dunbar v. Foxx*, 13-CV-872 (TSC), 2017 WL 1208391, at n. 16 (D.D.C. Mar. 31, 2017) (reprimanding Plaintiff because "[his] own statement of facts generally lacked citations to the record and contained arguments—rather than facts.")

**Second**, Plaintiff admits he never submitted to Reed Group or Fannie Mae the GW Hospital return to work note issued to him on October 12 (Def. Ex. 15). *See* Response #27 to Fannie Mae's fact assertion that Mr. Skrynnikov never provided it with the October 12 release from GW Hospital ("The Plaintiff does not dispute that he provided an attachment to his email as described and that Ms. Lee forwarded the correspondence to Ms. McGwin."); Response #56 to Fannie Mae's fact assertion that Mr. Skrynnikov never provided Reed Group with the October 12 release from GW Hospital ("The Plaintiff does not dispute that the exhibit says what it says"); Response #57 to Fannie Mae's fact assertion that the October 29 fax contained only the GW Hospital Discharge

---

[1] Local Civil Rule 56.1 was deleted as it repeats verbatim current Local Civil Rule 7(h). *See* http://www.dcd.uscourts.gov/sites/dcd/files/local_rules/LocalRulesApril2016.pdf.

instructions, not the return to work note ("The Plaintiff denies the assertions contained in this paragraph are material to Defendant's motion for summary judgment…."); and Response # 58 to Fannie Mae's fact assertion that Mr. Skrynnikov's GW Hospital release to return to work was first disclosed in discovery ("The Plaintiff denies that the assertions contained in this paragraph are material to the Defendant's motion for summary judgment….").

Plaintiff's only answer is the return to work note provided to him by GW Hospital on October 12 is *immaterial*. In truth, there is not a document more material to this case -- Mr. Skrynnikov had in hand the very document Fannie Mae advised on October 22 he would need to submit to resume work October 26, but Mr. Skrynnikov chose instead to conceal the GW Hospital return to work note and exercise his right to take off more time for his rib injury, which he did.

*Third*, Plaintiff improperly embeds argument in his late-filed response to Fannie's Mae's statement of uncontested facts that Fannie Mae had no right or basis to prevent Mr. Skrynnikov from coming back to work. But, Fannie Mae did not direct Mr. Skrynnikov do anything other than comply with its written policies by submitting a return to work note concerning his newly disclosed rib injury, or *if he wanted* more time off to provide supporting documentation to Reed Group for additional paid and/or job-protected leave under the Fannie Mae's STD policy and/or the DCFMLA.

*Fourth*, Plaintiff's effort to parse his October 21 email as a benign inquiry about vacation availability, with an emphasis that if additional time off was not possible he would return October 26 backfires. [Dkt. 116, Response # 29]. The fact is additional time *was* available, and Mr. Skrynnikov undisputedly availed himself of his right to claim it. Fannie Mae did not deny him vacation; he never sought authorization. Mr. Skrynnikov elected to seek more medical leave, and he was granted precisely what he sought. Had Fannie Mae forced Mr. Skrynnikov back to work

October 26 in spite of his October 21 email asking for additional time off due to a rib injury, it would properly be accused of interfering with Mr. Skrynnikov's DCFMLA rights.  But that is not what happened.  Fannie Mae acted lawfully in applying its policy and directing Mr. Skrynnikov to work with the Reed Group *if* he sought additional STD/DCFMLA leave; Mr. Skrynnikov actively sought additional medical leave; the Reed Group approved Mr. Skrynnikov for the time he wanted for his rib injury – November 2.  There was no interference.

Dated:  July 5, 2017

Respectfully submitted,

By:  /s/ William G. Miossi
William G. Miossi (445265)
Mary M. Lenahan (998721)
**WINSTON & STRAWN LLP**
1700 K Street, NW
Washington, DC 20006-3817
Tel. 202-282-5000
WMiossi@winston.com
MLenahan@winston.com

Damien Stewart (465266)
Fannie Mae, Legal Department
3900 Wisconsin Avenue NW
Washington, DC 20016-2892
Tel: 202-752-6871
damien_g_stewart@fanniemae.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing was filed electronically on July 5, 2017, in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's Filing System.

/s/ William G. Miossi